UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8702 PSG (SHx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | Anthony Teresi v. Tom Bohl, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:** (In Chambers) Minute Order DISMISSING CASE WITH PREJUDICE

Plaintiff Anthony Teresi ("Plaintiff") has filed an *ex parte* request for clarification as to why Tom Bohl ("Bohl"), JPMorgan Chase Bank, N.A. ("JPMorgan"), Mortgage Electronic Registration Systems ("MERS"), and Old Republic Default Services ("Old Republic") have been dismissed from this case.

On March 28, 2013, JPMorgan and MERS filed a motion to dismiss the First Amended Complaint. *See* Dkt. # 33. The next day, Old Republic filed a motion to dismiss the First Amended Complaint. *See* Dkt. # 36. The Court dismissed JPMorgan, MERS, and Old Republic because Plaintiff failed to oppose either of the motions. *See* Dkt. # 48. Plaintiff contends that he filed an Opposition to both motions because, in conjunction with his motion for summary judgment, he submitted a "Motion in Opposition for Defendants [sic] Notice to Dismiss First Amend [sic] Complaint and "Motion under FRCP 11(b) for Sanctions Against S. Christopher Yoo." *See* Dkt. # 42. While the motion contained the word "Opposition" in the title, it never referred to any of the Defendants' motions and appeared concerned only with imposing sanctions on S. Christopher Yoo, attorney for JPMorgan, MERS, and Old Republic. Along with the attachment, Plaintiff also submitted a "Notice of Amendment to Complaint to add Cynthia Van Patten for Fraudulent Production of a Trustees [sic] Deed Upon Sale." *Id.* Thus, Plaintiff filed his own motions and did not ever oppose the motions filed by Defendants. Additionally, Plaintiff apparently sought both to respond to Defendants' motions to dismiss the First Amended Complaint and to amend the First Amended Complaint.

As to Bohl, Bohl filed a motion to dismiss on April 11, 2013, which was set for hearing on June 3, 2013. *See* Dkt. # 39. Plaintiff never opposed the motion. In his *ex parte* application, Plaintiff appears to contend that the "Motion in Opposition" also applies to Bohl's motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8702 PSG (SHx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | Anthony Teresi v. Tom Bohl, et al. | | |

dismiss the First Amended Complaint. However, the Court was unable to glean from Plaintiff's intended motion for sanctions that he intended to oppose Bohl's motion. While the Court agrees that *pro se* litigants are afforded a certain degree of latitude, all litigants must make an effort to file moving papers that are responsive to the motions at issue.

Further, the Court issued an Order to Show Cause on May 6, 2013, requiring Plaintiff to show proof of service of defendants Resame Mortgage Corporation ("Resame") and Gateway Title ("Gateway"). The Court warned Plaintiff that he was ordered to file the proof of service of Summons and Complaint as to Resame and Gateway by July 11, 2013, or the two defendants would be dismissed. Plaintiff has failed to file the requisite proof of service of Summons and Complaint as to the two defendants. Accordingly, Resame and Gateway are DISMISSED from this action. As there are no remaining Defendants, the case is DISMISSED WITH PREJUDICE. Defendant's JPMorgan and MERS' request for sanctions is DENIED.

**IT IS SO ORDERED.**